NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ICE CREAM DISTRIBUTORS OF EVANSVILLE, LLC, | No. 10-17257 |
| Plaintiff - Appellant, | D.C. No. 4:09-cv-05815-CW |
| v. | MEMORANDUM* |
| DREYER'S GRAND ICE CREAM, INC.; DREYER'S GRAND ICE CREAM HOLDINGS, INC.; EDY'S GRAND ICE CREAM, INC.; RANDY STATHERS, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Chief District Judge, Presiding

Argued and Submitted October 15, 2012
San Francisco, California

Before:  B. FLETCHER,** HAWKINS, and MURGUIA, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Betty Binns Fletcher, Senior Circuit Judge for the Ninth Circuit Court of Appeals, fully participated in the case and concurred in the judgment prior to her death.

Ice Cream Distributors of Evansville, LLC ("ICD") appeals the grant of Dreyer's Grand Ice Cream, Inc.'s ("Dreyer's") Rule 12(b)(6) motion to dismiss ICD's Second Amended Complaint. Though the district court dismissed ICD's claims under the Racketeer Influenced Corrupt Organizations Act, the Cartwright Act, the Sherman Act, and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, ICD appeals only the dismissal of its UCL claim. We affirm.[1]

ICD and Dreyer's had a business relationship through which ICD distributed Dreyer's products to grocery and convenience stores. When ICD refused to enter into an exclusivity agreement with Dreyer's, Dreyer's terminated its grocery store accounts with ICD and began distributing its own products. ICD claims that as a result it lost much of its business, and that Dreyer's spread false and disparaging information about ICD to its customers.

Under California's UCL, only injunctive and restitutionary relief are available. Cal. Bus. & Prof. Code § 17203; *see also Mass. Mut. Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282, 1288 (2002). As a general matter, to state a claim a plaintiff must plead facts that "plausibly give rise to an entitlement to relief." *Ashcroft v.*

---

[1] Though not necessary to the outcome we reach here, we grant Dreyer's Motion to Take Judicial Notice of prior litigation involving the parties.

*Iqbal*, 556 U.S. 662, 679 (2009). Though ICD requests an injunction and restitution, it alleges no facts that would entitle it to either.

ICD does not plead entitlement to injunctive relief, as the alleged misconduct ended in 2007 and ICD does not allege a threat of continuing misconduct. *See Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1123 (9th Cir. 1999) (no injunctive relief in the absence of a showing that past conduct will probably recur), *abrogated on other grounds by eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006).

ICD fails to plead an entitlement to restitution, as well. Restitution, in the context of the UCL, aims "to restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149 (2003); *see also In re First Alliance Mortg. Co.*, 471 F.3d 977, 996–98 (9th Cir. 2006). At argument, ICD represented that it is entitled to restitution because it lost money as a result of Dreyer's actions, and Dreyer's now has that money. That Dreyer's business improved as a result of ICD's collapse does not entitle ICD to restitution. ICD does not allege that Dreyer's took money or property directly from ICD, nor does it claim a vested interest in the money it seeks to recover.

3

*Korea Supply Co.*, 29 Cal. 4th at 1148–49.[2] The indirect connection between ICD's losses and Dreyer's gains would entitle ICD, at best, to damages, which are simply not available under the UCL. ICD's nominal request for restitution in its prayer for relief is insufficient to plead entitlement.[3]

Because we affirm the district court's conclusion that ICD failed to plead entitlement to restitution or injunctive relief, we need not reach ICD's other arguments.

**AFFIRMED.**

---

[2] ICD does allege that, throughout its relationship with Dreyer's, "ICD purchased ice cream products (both directly from [Dreyer's] and through local third parties) and purchased equipment to continue servicing the grocery store and convenience store accounts." However, ICD fails to allege any connection between these purchases and Dreyer's allegedly unlawful business practices, or to allege that it did not receive the products for which it paid.

[3] ICD's reliance upon a recent California Supreme Court case for the proposition that it need not plead entitlement to restitution is misguided. In *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 894–95 (Cal. 2011), the California Supreme Court held that ineligibility for restitution is not a basis for denying standing to seek injunctive relief under the UCL. *Id.* at 337–38; *see also Pom Wonderful LLC v. Coca-Cola Co.*, 679 F.3d 1170, 1178–79 (9th Cir. 2012). Because ICD does not plead an entitlement to injunctive relief, *Kwikset* is of little relevance here.